UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

LANDON E. BROWNING, SR.,   Case No: 10-00615

    *Debtor.*

**ORDER OVERRULING CREDITOR'S OBJECTION TO THE
CONFIRMATION OF DEBTOR'S PLAN**

    William J. Casey, Mobile, Alabama, Attorney for Debtor
    Russell S. Terry, Mobile, Alabama, Attorney for Creditor

This matter is before the Court on the objection of Citizens Bank, Inc. ("Bank"), to the confirmation of Debtor's plan. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1), and the Court has authority to enter a final order. For the following reasons, the Bank's objection to confirmation of the Debtor's plan is due to be OVERRULED.

**FACTS**

Mr. Browning filed this chapter 13 case on February 15, 2010. At a hearing on plan confirmation, Mr. Browning testified that he gets a social security check each month for approximately $1,200.00, and his schedules indicate that he earns approximately $160.00 a month in "insurance renewals," for a total monthly income of roughly $1,360.00. His schedules state that his monthly expenses are $1,196.84. Debtor's schedules also state that he owns a 2003 Cadillac CTS with 179,000 miles on it which he valued at $3,500.00. After examining the NADA value of the vehicle and hearing testimony about the condition of the car, it is the finding of this Court that a more accurate value for the car is $4,500.00.

1

Mr. Browning listed one secured creditor, BAC Home Loans, and he surrendered the home securing that debt. The remainder of his debts are unsecured. Citizens Bank is listed in Mr. Browning's schedules as an unsecured creditor holding a claim of $5,200.00. Mr. Browning's plan proposes to pay $85.00 a month for 60 months. The Bank objected to confirmation of Mr. Browning's plan on the grounds that the plan was not proposed in good faith.

The Court heard testimony and argument on the objection to confirmation on June 10, 2010, and June 30, 2010. Mr. Browning testified that he had been a customer of Citizens Bank for many years and decided to obtain a loan from the Bank in order to pay off a high-interest credit card with Barclays and catch up on other bills. Mr. Browning obtained a loan for $5,200.00 from loan officer Carla Givens in January of 2010. The Bank issued Mr. Browning a check for $5,000.00; $200.00 worth of the loan was for pre-paid finance charges. Mr. Browning was to repay the loan over 48 months at 7.985 % interest annually. Mr. Browning filed under chapter 13 twenty days after obtaining the loan. He testified that in the twenty days between obtaining the loan and filing bankruptcy he gave $1,660.00 to one of his sons and $2,500.00 to a second son in order to help them out of their own financial troubles and personal problems. He was pressured to do this by at least one son and his ex-wife. One son was living in his van. Mr. Browning spent the remaining money on groceries.

Loan Officer Carla Givens testified that she assisted Mr. Browning in obtaining the loan from Citizens Bank. She testified that she understood that Mr. Browning intended to use the loan to pay off a credit card debt to Barclays and that he also wanted to give a few hundred dollars one of his sons. In calculating whether Mr. Browning qualified for the loan, Ms. Givens determined that Mr. Browning's debt-to-income ratio would qualify if the debt to Barclays was

2

Case 10-00615   Doc 25   Filed 07/01/10   Entered 07/01/10 14:58:11   Desc Main
Document      Page 2 of 5

paid off, and the loan was approved. However, the Bank did not place any conditions on Mr. Browning's receipt of the loan (such as requiring him to pay off the credit card debt to Barclays or making the check payable to Barclays). At the conclusion of the hearing on the objection to confirmation, the Court took the matter under advisement.

## LAW

Pursuant to 11 U.S.C. § 1325(a)(3), a plan must be filed in good faith in order to be confirmed. "Good faith" is not to be read as an inquiry into the ability of the debtor to pay his debts, but should be a review of whether the plan or case are an abuse of the bankruptcy process. *In re Kahn*, 172 B.R. 613 (Bankr. Minn. 1994) (reviewing "good faith" in the chapter 7 context); *In re Greer*, 60 B.R. 547 (Bankr. C.D. Cal. 1986); *In re Kourtakis*, 75 B.R. 183 (Bankr. E.D. Mich. 1987). The bankruptcy code is liberally construed in favor of the debtor, and the burden is on the objecting party to demonstrate by a preponderance of the evidence, facts sufficient to show that a chapter 13 plan is filed in bad faith. *In re White*, 273 B.R. 279, 283 (Bankr. M.D. Fla. 2001). In determining whether a plan was filed in good faith, the court must consider:

(1) Amount of debtor's income from all sources;
(2) Living expenses of debtor and his dependents;
(3) Amount of attorney fees;
(4) Probable or expected duration of debtor's chapter 13 plan;
(5) Motivations of debtor and his sincerity in seeking relief;
(6) Debtor's degree of effort;
(7) Debtor's ability to earn and possible fluctuation of his earnings;
(8) Special circumstances such as medical bills;
(9) Frequency with which debtor has sought bankruptcy relief;
(10) Circumstances under which debtor contracted debts;

3

(11) Burden which plan's administration places on trustee.

*Kitchens v. Georgia Railroad Bank and Trust Co.*, 702 F.2d 885 (11th Cir. 1983).[1] No single factor is determinative, thus the court must examine the totality of the circumstances. *In re Weiser,* 391 B.R. 902 (Bankr. S.D. Fla. 2008).

Considering the relevant factors, Mr. Browning's plan does not appear to have been filed in bad faith. Based on testimony and evidence, the Bank has not proven that Mr. Browning had any intent to avoid repaying the bank when he obtained the loan. Based on his testimony, which the Court found credible, Mr. Browning was sincere in seeking relief and was not attempting to abuse the bankruptcy process in any way. Instead, Mr. Browning was motivated by a desire to pay off high-interest debts and to help his sons. When his sons came to him with problems, he put them first. Although not the best decision financially, the Court cannot conclude it was bad faith. The fact that a debtor has proposed no, or only nominal, repayment to unsecured creditors does not preclude a finding of good faith. *Kitchens*, 702 F.2d at 889 (*citing In re Estus*, 695 F.2d 311, 317 (8th Cir. 1982). For these reasons, Mr. Browning's plan was not filed in bad faith.

However, based upon the Court's findings, the debtor's plan must pay to creditors enough to pay out all nonexempt equity in Mr. Browning's assets, including the additional $1000 of equity in his vehicle. Based upon his income and expenses, Mr. Browning can also pay at least $50 more per month in plan payments.[2]

---

[1] "BAPCPA subsumes future application of certain Kitchens factors. BAPCPA amendments to the disposable income sections of § 1325(b), new rules on serial filers, and other code requirements may limit such inquiries. Otherwise, barring specific conflict with the new statute, there is no indication the factors are not still good law in the Eleventh Circuit." *In re Robers*, 366 B.R. 200, 203 (Bankr. N.D. Ala. 2007).

[2] The court will not require that Mr. Browning put every dollar of income over his listed expenses toward a plan payment because there should be some margin of error allowed.

4

Therefore, it is ORDERED that Citizens Bank's Objection to Confirmation of Debtor's Plan is OVERRULED subject to conformance to the paragraph above.

DATED: July 1, 2010

_Margaret A. Mahoney_
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE